UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-9687 CAS (AGRx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | ANTHONY N. OZOGU, ETC.; ET AL. v. CITIMORTGAGE, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers:)

**PACIFICA L. NINETEEN, LLC'S AND ISERVE SERVICING, INC.'S MOTION TO DISMISS COMPLAINT, OR, IN THE ALTERNATIVE, TO STRIKE PUNITIVE DAMAGES** (filed 12/23/10)

**CITIMORTGAGE, INC.'S AND CITIBANK, N.A.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** (filed 05/19/11)

## I.   INTRODUCTION

On October 22, 2010, plaintiffs Anthony N. Ozogu and Regina O. Thomas filed suit in Los Angeles County Superior Court against CitiMortgage, Inc. ("CitiMortgage"); CITIMORTGAGE, INC.; Citibank, N.A. ("Citibank"); CR Title Services ("CR Title"); First American Title Insurance Co. ("First American"); Merscorp, Inc.; Mortgage Electronic Registration Systems, Inc. ("MERS"); Pacifica L. Nineteen, LLC ("Pacifica"); Orion Financial Group, Inc. ("Orion"); IServe Servicing, Inc. ("iServe"); Virkam S. Pandit; Sanjiv Das; Deepak Israni; Mike E. Wileman; Richard Cimino; R.K. Arnold; Jennifer Welborn (erroneously sued as Jennifer Wellborn); Tameka Harris; Aaron Doty; Pam January; Richard Martinez; J. Florez; Kristen B. Linder; and Does 1 through 15 inclusive (collectively, "defendants"). On December 16, 2010, Pacifica, iServe, Israni, Cimino, and Welborn removed the action to federal court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        O        JS-6

| Case No. | CV 10-9687 CAS (AGRx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | ANTHONY N. OZOGU, ETC.; ET AL. v. CITIMORTGAGE, INC.; ET AL. | | |

Plaintiffs' 121 page complaint advances 22 separate claims for relief in 617 paragraphs. Plaintiffs assert federal claims for: (1) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; (2) disclosure violations, 15 U.S.C. § 1635 et seq.; (3) missing consumer statement in violation of 12 C.F.R. § 226 et seq.; (4) failure to disclose calculation of mortgage balance in violation of 12 C.F.R. § 226.4 et seq.; (5) failure to disclose itemization of charges in or with the acceleration statement in violation of 12 U.S.C. § 2610 et seq.; (6) inflation of acceleration fees in violation of 12 U.S.C. §§ 2610 et seq.; (7) failure to disclose use of settlement fees in violation of Title 12, Regulation Z, and 15 U.S.C. § 1601 et seq.; (8) failure to disclose lower interest rate in violation of 12 U.S.C. § 2601 et seq.; (9) failure to disclose loan origination fee in violation of 12 U.S.C. § 2601 et seq.; (10) failure to give proper notice of default, right to cure and acceleration notice in violation of 12 U.S.C. § 2601 et seq., 15 U.S.C. § 1601 et seq., 12 C.F.R. § 226.18, and Cal. Civ. Code § 2924 et seq.; (11) violation of Ozogu's constitutional right to Due Process under the Fifth Amendment; and (12) violation of Thomas's fundamental right to Due Process under the Fifth Amendment. Plaintiffs assert state law claims for: (1) fraudulent inducement to breach a contract; (2) fraud in the factum; (3) breach of the implied covenant of good faith and fair dealing; (4) wrongful attempted foreclosure in violation of Cal. Civ. Code § 2924 et seq.; (5) to set aside unlawful transfer against; (6) tortious interference with a contract; (7) violation of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750–1784, Cal. Civ. Code § 1670.5; (8) violation of Cal. Bus. & Prof. Code § 17500; (9) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.; and (10) quiet title.

On May 4, 2011, plaintiffs voluntarily dismissed without prejudice defendants CR Title; First American; Merscorp, Inc.; Orion; Virkam S. Pandit; Sanjiv Das; Deepak Israni; Mike E. Wileman; Richard Cimino; R.K. Arnold; Jennifer Welborn (erroneously sued as Jennifer Wellborn); Tameka Harris; Aaron Doty; Pam January; Richard Martinez; J. Florez; and Kristen B. Linder. See Dkt. 25.

On May 16, 2011, the Court entered an order denying plaintiffs' ex parte application for a temporary restraining order.

On December 23, 2010, Pacifica and iServe filed a motion to dismiss the complaint, or, in the alternative, motion to strike punitive damages. On January 18, 2011, plaintiffs filed an opposition to Pacifica and iServe's motion. Pacifica and iServe replied

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-9687 CAS (AGRx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | ANTHONY N. OZOGU, ETC.; ET AL. v. CITIMORTGAGE, INC.; ET AL. | | |

on January 24, 2011. On May 19, 2011, CitiMortgage and Citibank (collectively, the "Citi defendants") filed a motion to dismiss. Plaintiffs filed an opposition on June 10, 2011. The Citi defendants replied on June 14, 2011. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II. BACKGROUND FACTS

The instant action arises from a mortgage loan transaction secured by plaintiffs' real property located at 19322 Ackermen Avenue, Santa Clarita, California (the "Property"). Complaint ¶ 8, Ex. 1. On December 17, 2007, Ozogu executed a promissory note in the amount of $417,000 ("Note") in favor of CitiMortgage. Complaint, Ex. 1. The Note was secured with a Deed of Trust ("DOT 1") against the Property, executed by both Ozogu and his wife Thomas (collectively, "plaintiffs"). Complaint, Ex. 4. The original trustee named in DOT 1 was Verdugo Trustee Services Corporation ("Verdugo"), and MERS was the nominee beneficiary for CitiMortgage and its assigns. Complaint, Ex. 4.

In October 2009, plaintiffs attempted to obtain a loan modification from CitiMortgage due to "their changing financial situation and . . . hardships they were experiencing." Complaint ¶ 152. Plaintiffs allege that they were placed in a three month trial modification period in November 2009, wherein their loan payments were reduced from $2,567.94 to $1,227.00 per month. Complaint ¶ 152. Plaintiffs allege that the trial modification period lasted five months and that they paid the reduced amount to CitiMortgage each month. Complaint ¶ 152. Plaintiffs allege that despite accepting their modified loan payment for March 2010, CitiMortgage ultimately rejected their application for a more permanent loan modification in February 2010. Complaint ¶ 153. In a letter dated April 30, 2010, CitiMortgage officially denied plaintiffs' loan modification request. Complaint, Ex. 16.

In an assignment of Deed of Trust dated April 16, 2010, MERS assigned all beneficial interest under DOT 1 to "CITIMORTGAGE, INC."[1] Also on April 16, 2010,

---

[1] Plaintiffs allege that CITIMORTGAGE, INC. and CitiMortgage are distinct entities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV 10-9687 CAS (AGRx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | ANTHONY N. OZOGU, ETC.; ET AL. v. CITIMORTGAGE, INC.; ET AL. | | |

CITIMORTGAGE, INC. substituted CR Title as trustee for Verdugo, and CR Title executed a Notice of Default and Election to Sell to the Property. Complaint, Exs. 6–7. Plaintiffs allege that they received the Notice of Default and Election to Sell on April 21, 2010. Complaint ¶ 155. Plaintiffs further allege that on April 27, 2010, plaintiffs received a letter from CitiMortgage indicating that their "Workable Solution" application for internal loan modification was denied due to plaintiffs' Net Present Value ("NPV"). Complaint ¶ 156. Plaintiffs allege that a CitiMortgage representative named "Ginger" with ID # GC43156 researched plaintiffs' application and determined that CitiMortgage did not include all of plaintiffs' household income in its calculation of plaintiffs' NPV. Complaint ¶ 156. Plaintiffs allege that they wrote CitiMortgage a letter disputing CitiMortgage's decision to deny their application for loan modification, but that CitiMortgage never replied. Complaint ¶ 156.

Plaintiffs allege that on May 13, 2010, a third party, Selena Davis, informed them that CitiMortgage agreed to re-evaluate their application for a loan modification. Complaint ¶ 160. On July 22, 2010, however, Davis informed plaintiffs that their loan had been sold to an unknown third party. Complaint ¶ 161. The following day, Ozogu called CitiMortgage and spoke to Kelly with ID # KC78477, who confirmed that the loan had been sold to an undisclosed company. Complaint ¶ 161. In fact, on July 26, 2010, CitiMortgage executed a document formally assigning DOT 1 to the new owner of the loan, Pacifica. Complaint, Ex. 9. On August 1, 2010, plaintiffs received a letter from CitiMortgage indicating that the new servicer for their loan was iServe. Complaint ¶ 162.

Plaintiffs allege that they applied for a loan modification with iServe. Complaint ¶ 163. On September 16, 2010, Welborn, iServe's loan counselor, contacted Ozogu and informed him that iServe was not willing to modify the loan because CitiMortgage had previously denied plaintiffs' loan modification application. Complaint ¶ 165. Plaintiffs allege that they explained to Welborn that CitiMortgage delayed re-evaluating their application for a loan modification, but Welborn was unmoved. Complaint ¶ 165. Nevertheless, in a telephone call on September 24, 2010, Welborn requested that plaintiffs send her a document from CitiMortgage detailing the status of plaintiffs' request for a loan modification. Complaint ¶ 170. Plaintiffs allege that CitiMortgage never provided them such documentation. Complaint ¶¶ 170–72.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 10-9687 CAS (AGRx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | ANTHONY N. OZOGU, ETC.; ET AL. v. CITIMORTGAGE, INC.; ET AL. | | |

On September 9, 2010, an assignment of CitiMortgage's beneficial interest under DOT 1 to Pacifica was recorded in the Los Angeles County Recorder's Office. Complaint ¶ 247, Ex. 9. On October 4, 2010, CR Title recorded a Notice of Trustee's Sale in the County Recorder's Office. Complaint, Ex. 10.

### III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-9687 CAS (AGRx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | ANTHONY N. OZOGU, ETC.; ET AL. v. CITIMORTGAGE, INC.; ET AL. | | |

presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Federal Claims

#### 1. Claim 8: Violation of the Fair Debt Collection Practices Act

Plaintiffs allege that the Citi defendants violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). See Complaint ¶¶ 417–446.

Plaintiffs fail to state a claim under the FDCPA because the Citi defendants are not "debt collectors" within the meaning of the Act. The term "debt collector" is defined in the statute to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The statute explicitly excludes from the definition any party who attempts to collect a debt "to the extent such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-9687 CAS (AGRx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | ANTHONY N. OZOGU, ETC.; ET AL. v. CITIMORTGAGE, INC.; ET AL. | | |

activity . . . concerns a debt which was originated by such person." 15 U.S.C. § 1602a(6)(F)(ii). Here, the Deeds of Trust attached as exhibits to plaintiffs' complaint demonstrate that CitiMortgage and Citibank originated plaintiffs' loans. See Complaint, Exhs. 4 & 5. Because the Citi defendants activities were aimed at collecting their own debts, they are not "debt collectors" within the meaning of the FDCPA. See Tina v. Countrywide Home Loans, Inc., No. 08 CV 1233 JM (NLS), 2008 WL 4790906, at *7 n.2 (S.D. Cal. Oct. 30, 2008) (holding that Countrywide was not a "debt collector" under the FDCPA because its "conduct was directed to collecting its own debts."). Furthermore, "because 'foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA,'" plaintiffs do not plead that the Citi defendants were "collecting a debt." Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (quoting Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)). For both reasons, the Court DISMISSES plaintiffs' FDCPA claim with prejudice.

### 2. Claims 9, 10, 11, 12, and 14: Truth in Lending Act

Plaintiffs' ninth, tenth, eleventh, twelfth,[2] and fourteenth claims all arise under the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and/or Regulation Z promulgated thereunder, 12 C.F.R. § 226 et seq. See Complaint ¶¶ 447–483, 493–501.

It appears that plaintiffs are seeking damages for defendants' alleged violations of TILA.[3] See Complaint ¶¶ 451–456, 461–465, 470–474, 479–483, 497–501. An action under TILA for actual or statutory damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The limitation period

---

[2] Though captioned as a "Violation of 12 U.S.C. §§ 2610 et seq.," the actual allegations within the body of plaintiffs' twelfth claim asserts a violation of 12 C.F.R. § 226.21. See Complaint ¶ 476.

[3] Although plaintiffs do not appear to seek rescission under TILA, such a claim appears to be futile because plaintiffs seeking rescission under TILA are required to show that they are willing and able to tender the borrowed funds back to the lender. See Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1173 (9th Cir. 2003). Here, plaintiffs have failed to demonstrate that they have the ability to tender the requisite loan proceeds.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 10-9687 CAS (AGRx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | ANTHONY N. OZOGU, ETC.; ET AL. v. CITIMORTGAGE, INC.; ET AL. | | |

starts to run "at the consummation of the [loan] transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). As discussed above, plaintiffs executed the loan transactions in December 2007. However, they did not bring their TILA claims until October 2010 – nearly three years later. Thus, plaintiffs' TILA damages claims are time-barred.

In certain circumstances, the doctrine of equitable tolling may "suspend the limitations period," such as when the borrower did not have reasonable opportunity to discover the alleged fraud or nondisclosures that form the basis of plaintiff's TILA claim. King, 784 F.2d at 915. However, plaintiffs have not alleged any facts giving rise to equitable tolling of the statute. See id. ("Congress placed a three year absolute limit on rescission actions, demonstrating its willingness to put a limit on the scope of some types of TILA actions."); see also Huseman v. Icicle Seafoods, Inc., 471 F.3d 1116, 1120 (9th Cir. 2006) (whether the statute of limitations should be equitably tolled is a factual determination that "focuses on whether there was excusable delay by the plaintiff and may be applied if, *despite all due diligence*, a plaintiff is unable to obtain vital information bearing on the existence of his claim.") (quotations and citations omitted) (emphasis in original); Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (dismissing TILA claim, despite request for equitable tolling, where plaintiff was in possession of all loan documents and did not allege any concealment or other conduct that would have prevented discovery of the alleged TILA violations during the one year limitations period).

Accordingly, the Court DISMISSES plaintiffs' TILA claims with prejudice.

### 3. Claims 13, 15, and 16: Real Estate Settlement Procedures Act

As their thirteenth, fifteenth, and sixteenth claims, plaintiffs allege violations of the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"). See Complaint ¶¶ 484–492, 502–520. Plaintiffs allege that defendants violated RESPA by "inflat[ing] the acceleration fees without operation of law," "fail[ing] to disclose . . . that . . . the loan . . . has an interest rate higher than the rate reflected in the Preliminary Disclosures," and "fail[ing] to disclose . . . that the loan obtained required loan origination fees. . . ." Complaint ¶¶ 485, 504, 513.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-9687 CAS (AGRx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | ANTHONY N. OZOGU, ETC.; ET AL. v. CITIMORTGAGE, INC.; ET AL. | | |

The Citi defendants move to dismiss plaintiffs' RESPA claims on the ground that plaintiffs have no right of action to bring any of these claims. Mot. at 18–19 (citing Gusenkov v. Wash. Mut. Bank, FA, No. C 09-04747 SI, 2010 WL 2612349, at *5 (N.D. Cal. Jun. 24, 2010) (finding private right of action only for violations of 12 U.S.C. §§ 2605, 2607, and 2608)). The Citi defendants argue that none of plaintiffs' RESPA claims even refer to Sections 2605, 2607 or 2608, much less demonstrate a violation of those sections. Id. at 19. The Citi defendants further maintain that, to the extent plaintiffs' allegations regarding "loan origination fees" may be construed as a reference to the fee disclosure requirements of Section 2607, such a claim is time-barred by the section's one-year limitations period. Id. (citing 12 U.S.C. § 2614).

Plaintiffs have failed to offer any opposition to this aspect of the Citi defendants' motion. Therefore, the Court finds that plaintiffs have abandoned their RESPA claims. See Local Rule 7-12. Even if plaintiffs have not abandoned their RESPA claims, the Court finds that plaintiffs fail to state a RESPA claim for the reasons identified by the Citi defendants. Accordingly, the Court DISMISSES plaintiffs' RESPA claims with prejudice.

### 4. Claim 17: Failure to Give Proper Notice of Default, Right to Cure, and Acceleration Notice

Plaintiffs seventeenth claim is labeled "Failure to Give Proper Notice of Default, Right to Cure, and Acceleration Notice." This claim contains no substantive factual allegations, and merely reiterates plaintiffs' earlier statutory citations to TILA and RESPA. Therefore, for the reasons identified in Sections IV.A.2 and IV.A.3, the Court DISMISSES plaintiffs' Failure to Give Proper Notice of Default, Right to Cure, and Acceleration Notice claim with prejudice.[4]

---

[4] Again, plaintiffs have failed to offer any opposition to this aspect of the Citi defendants' motion. Therefore, the Court finds that plaintiffs have abandoned this claim. See Local Rule 7-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS-6    O

| Case No. | CV 10-9687 CAS (AGRx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | ANTHONY N. OZOGU, ETC.; ET AL. v. CITIMORTGAGE, INC.; ET AL. | | |

### 5. Claims 18 and 19: Violation of Due Process Rights Under the Fifth Amendment

Plaintiffs eighteenth and nineteenth claims allege violations of their due process rights under the Fifth Amendment to the Constitution based on defendants alleged failure to provide them a loan modification under the federal Home Affordable Modification Program ("HAMP"). See, e.g., Complaint ¶¶ 533–546, Opp'n at 16.

The due process clause of the Fifth Amendment prohibits the government from depriving persons of "life, liberty, or property, without due process of law." U.S. Const. amend. V. "To be entitled to procedural due process, a party must show a liberty or property interest in the benefit for which protection is sought." Buckingham v. Sec'y of U.S. Dep't of Agric., 603 F.3d 1073, 1081 (9th Cir. 2010).

The Court is persuaded by the decisions of several district courts in this circuit which have held that "HAMP does not provide Plaintiffs with a 'protected property interest,' the denial of which must comport with due process." Huxtable v. Geithner, No. 09cv1846 BTM (WVG), 2010 U.S. Dist. LEXIS 91382, at *14 (S.D. Cal. Sept. 2, 2010) (quoting Williams v. Geithner, No. 09-1959 ADM, 2009 U.S. Dist. LEXIS 104096, at *7 (D. Minn. Nov. 9, 2009)); see also Orcilla v. Bank of America, N.A., No. C10-03931 HRL, 2010 WL 5211507, at *4 (N.D. Cal. Dec. 16, 2010) (same); Nguyen v. BAC Home Loan Servs., LP, No. C-10-01712 RMW, 2010 WL 3894986, at *5 (N.D. Cal. Oct. 1, 2010) (same). Because plaintiffs do not have a protected property interest in a loan modification under HAMP, their Fifth Amendment claims fail as a matter of law. Accordingly, the Court DISMISSES plaintiffs' Fifth Amendment claims with prejudice.

### B. State Law Claims

The remainder of plaintiffs' claims for relief are based entirely on common law and state law. In view of the Court's dismissal of plaintiffs' federal claims, the only apparent basis for federal jurisdiction, the Court declines to exercise supplemental jurisdiction over the remainder of plaintiffs' claims. 28 U.S.C. § 1367; see Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367–68 (9th Cir. 1992) ("When federal claims are dismissed before trial . . . pendant state claims also should be dismissed.") (quoting Jones v. Cmty. Redev. Agency, 733 F.2d 646, 651 (9th Cir. 1984)) (alterations in original); Scholar v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  O  JS-6

| Case No. | CV 10-9687 CAS (AGRx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | ANTHONY N. OZOGU, ETC.; ET AL. v. CITIMORTGAGE, INC.; ET AL. | | |

Pac. Bell, 963 F.2d 264, 268 n.4 (9th Cir. 1992) (same); Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985) ("Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed.").

## V. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS CitiMortgage's and Citibank's motion to dismiss plaintiffs' federal claims. Specifically, the Court DISMISSES with prejudice, the following claims:

- Claim 8: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

- Claim 9: Disclosure Violations, 15 U.S.C. § 1635 et seq.

- Claim 10: Missing Consumer Statement, 12 C.F.R. § 226 et seq.

- Claim 11: Failure to Disclose Calculation of Mortgage Balance, 12 C.F.R. § 226.4 et seq.

- Claim 12: Failure to Disclose Itemization of Charges In or With the Acceleration Statement, 12 C.F.R. § 226.21

- Claim 13: Inflation of Acceleration Fees, 12 U.S.C. § 2610 et seq.

- Claim 14: Failure to Disclose Use of Settlement Fees, Title 12, Regulation Z, and 15 U.S.C. § 1601 et seq.

- Claim 15: Failure to Disclose Lower Interest Rate, 12 U.S.C. § 2601 et seq.

- Claim 16: Failure to Disclose Loan Origination Fee, 12 U.S.C. § 2601 et seq.

- Claim 17: Failure to Give Proper Notice of Default, Right to Cure, and Acceleration Notice, 12 U.S.C. § 2601 et seq., 15 U.S.C. § 1601 et seq., 12 C.F.R. § 226.18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** JS-6

| Case No. | CV 10-9687 CAS (AGRx) | Date | July 19, 2011 |
|---|---|---|---|
| Title | ANTHONY N. OZOGU, ETC.; ET AL. v. CITIMORTGAGE, INC.; ET AL. | | |

- Claim 18: Violation of Ozogu's Constitutional Right to Due Process Under the Fifth Amendment

- Claim 19: Violation of Thomas's Constitutional Right to Due Process Under the Fifth Amendment

It appears that plaintiffs cannot cure the aforementioned deficiencies in their federal claims. Therefore, the Court finds it appropriate to dismiss plaintiffs' federal claims with prejudice. See <u>Schreiber Distrib. Co.</u>, 806 F.2d at 1401. The Court declines to exercise supplemental jurisdiction over the remainder of plaintiffs' common law and state law claims, and DISMISSES them without prejudice to plaintiffs asserting them in state court. The Court hereby DENIES Pacifica's and iServe's motion to dismiss the complaint, or, in the alternative, motion to strike punitive damages as moot.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |